ORIGINAL



```
1  JAMES R. COLLINS 818.545.9225
   651 Durham Ln. #A
   Ventura, CA 93004
2  Defendant, In Pro Se
```

2017 MAR 21 PM 4:04

FILED BY FAX

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**WOODSIDE VILLAGE**

        PLAINTIFF,

    VS.

**JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS DOES 1 TO 10, Inclusive**

        DEFENDANTS

Case No.: CV.17-02205 PA (GJSx)

**NOTICE OF REMOVAL**
[28 USC 1441, 1446 (d)]
Calif. CCP 430.90]

from the VENTURA County Superior Court,
Case # **56-2017-00492236-CL-UD-VTA**

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendants JAMES R. COLLINS, and Plaintiff WOODSIDE VILLAGE are those parties in a California State Court filed in the VENTURA County Superior Court, VENTURA DIVISON, concerning real property located at 4651 Durham Ln. #A Ventura, CA 93004

1

[NOTICE OF REMOVAL]

2. Defendant **JAMES R. COLLINS** is the former tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court against the former tenant of the premises, Defendant JAMES R. COLLINS is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:
S. Duringer, Esq. 714.279.1100
160 S. Old Springs Rd. Ste 135
Anaheim, CA 92808

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the

purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ` notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

[NOTICE OF REMOVAL]

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are satisfied:

   a. Defendant JAMES R. COLLINS is a member of a protected

        class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

    i. The language of the PTFA, particularly 702(a),

    ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

    iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the filed and break tradition, with a bold new law

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, JAMES R. COLLINS is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED: 3/21/17

*/s/ James R. Collins*

JAMES R. COLLINS, In Pro Se

[NOTICE OF REMOVAL]

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 65 Pine Ave Suite 171 Long Beach, CA 90802

On __3/21/17_____ I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

S. Duringer, Esq. 714.279.1100
160 S. Old Springs Rd. Ste 135
Anaheim, CA 92808

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: __3/21/17_____

Francisco Bourne

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, address)*: | FOR COURT USE ONLY |
|---|---|
| S. DURINGER, ESQ/R. CRISSMAN, ESQ. 134592/292299<br>DURINGER LAW GROUP, PLC<br>181 S OLD SPRINGS RD, 2ND FL (POB 28270)<br>ANAHEIM HILLS, CA 92809<br>TELEPHONE NO.: (714) 279-1100   FAX NO. *(Optional)*: (714) 279-1109<br>E-MAIL ADDRESS *(Optional)*: dlglitigation@duringerlaw.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. VICTORIA AVE.
MAILING ADDRESS: P. O. BOX 6489
CITY AND ZIP CODE: VENTURA, CA 93009
BRANCH NAME: VENTURA JUDICIAL DISTRICT

PLAINTIFF: WOODSIDE VILLAGE

DEFENDANT: JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS

[X] DOES 1 TO 10 INCLUSIVE

**COMPLAINT – UNLAWFUL DETAINER***
[X] COMPLAINT   [ ] AMENDED COMPLAINT *(Amendment Number)*: _____

CASE NUMBER:

Jurisdiction *(check all that apply)*:
[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded  [X] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF *(name each)*: WOODSIDE VILLAGE

   alleges causes of action against DEFENDANT *(name each)*:
   JAMES R. COLLINS; JAMES R. CROSS;
   CARI L. CROSS

2. a. Plaintiff is  (1) [ ] an individual over the age of 18 years.   (4) [X] a partnership.
                    (2) [ ] a public agency.                           (5) [ ] a corporation.
                    (3) [ ] other *(specify)*:

   b. [X] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:
      WOODSIDE VILLAGE

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
   651 DURHAM LN., #A
   VENTURA, CA 93004
   COUNTY OF VENTURA

4. Plaintiff's interest in the premises is  [X] as owner   [ ] other *(specify)*:
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: 07/10/15                                    defendant *(name each)*:
      JAMES R. COLLINS; JAMES R. CROSS;
      CARI L. CROSS
      (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify)*: 1 YEAR LEASE
      (2) agreed to pay rent of $ 1,753.00 payable [X] monthly [ ] other *(specify frequency)*:
      (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify)*:
   b. This [X] written [ ] oral   agreement was made with
      (1) [X] plaintiff.                                     (3) [ ] plaintiff's predecessor in interest.
      (2) [ ] plaintiff's agent.                             (4) [ ] other *(specify)*:

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT – UNLAWFUL DETAINER**

Civil Code, § 1940 et seq
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

WOODSIDE VILLAGE V. COLLINS 79487

| PLAINTIFF (Name): WOODSIDE VILLAGE | CASE NUMBER |
|---|---|
| DEFENDANT (Name): JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS | |

6. c. [X] The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) [X] other (specify):  UNAUTHORIZED OCCUPANTS
   d. [X] The agreement was later changed as follows (specify):
   EFFECTIVE 06/10/16 RENT INCREASED TO $1,841.00

   e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each): JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit        (4) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                     (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                     (6) ☐ Other (specify):
   b. (1) On (date): 01/12/17   the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on (date):
   (2) ☐ by leaving a copy with (name or description):
       a person of suitable age and discretion, on (date):                    at defendant's
       ☐ residence  ☐ business AND mailing a copy to defendant at defendant's place of residence on
       (date):                    because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on (date): 01/09/17    ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
       (date): 01/09/17
       (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
       (b) [X] because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]    **COMPLAINT - UNLAWFUL DETAINER**    Page 2 of 3

WOODSIDE VILLAGE

| PLAINTIFF (Name): WOODSIDE VILLAGE | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $    1,841.00

11. ☒ The fair rental value of the premises is $    61.36 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*


   Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $    1,841.00
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.
   f. ☒ damages at the rate stated in item 11 from *(date):* 02/01/17 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☒ other *(specify):* SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER

18. ☒ Number of pages attached *(specify):* 15

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*


Date: 01/26/17

STEPHEN C. DURINGER, ESQ/ROBERT M. CRISSMAN, ESQ
(TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/26/17

SEE ATTACHED VERIFICATION
(TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]                COMPLAINT - UNLAWFUL DETAINER                Page 3 of 3
Martin Dean's
Essential Forms                                                 WOODSIDE VILLAGE V. COLLINS 79487

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
WOODSIDE VILLAGE

**DEFENDANTS** ( Check box if you are representing yourself ☒ )
JAMES R. COLLINS; JAMES R. CROSS; CARI L. CROSS DOES 1 TO 10, Inclusive

**(b) County of Residence of First Listed Plaintiff** VENTURA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** VENTURA
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
S. Duringer, Esq. 714.279.1100
160 S. Old Springs Rd. Ste 135
Anaheim, CA 92808

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
JAMES R. COLLINS 818.545.9225
651 Durham Ln. #A
Ventura, CA 93004

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

BY FAX

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
[28 USC 1441, 1446 (d)] Calif. CCP430.90 Violation of PTFA

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☒ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | ☐ 160 Stockholders' Suits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 362 Personal Injury- Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:  **CV 17-02205**

CV-71 (02/16)      CIVIL COVER SHEET      Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☒ Yes  ☐ No<br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☒ Yes  ☐ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _James R. Collins_ DATE: 3/21/17

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |